Citation Nr: 1641927 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 11-10 927 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected disabilities.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

L.J. Bakke, Counsel

INTRODUCTION

The Veteran served on active duty from April 1968 to January 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA), Regional Office (RO), in St. Petersburg, Florida.

In September 2015, the Board remanded the claim for additional evidentiary development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

The Veteran seeks service connection for hypertension, to include as secondary to and/or as aggravated by service-connected diabetes mellitus type II (DM) with erectile dysfunction, peripheral neuropathy (PN) sciatic nerve right and left lower extremities (associated with DM), PN femoral nerve right and left lower extremities (associated with DM), and PN right and left upper extremities (associated with DM), and posttraumatic stress disorder (PTSD).

In September 2015, the Board determined that a remand was necessary to obtain VA treatment records and a new VA examination. Since the September 2015 remand, the requested VA treatment records have been obtained. Although the December 2015 VA examination report offers an opinion as to the etiology of the Veteran's hypertension on a direct basis, the examiner did not address whether hypertension was caused or aggravated by a service-connected disability. 

A remand by the Board imposes upon the Secretary of VA a concomitant duty to ensure compliance with the terms of the remand. Where remand orders of the Board are not complied with, the Board errs in failing to insure compliance. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The December 2015 VA medical opinion should be returned to the examiner for an addendum. The examiner must review the claims file along with a copy of the remand. With respect to hypertension, the examiner should offer the following opinions:

(a) Is it at least as likely as not (50 percent probability or greater) that hypertension is related to or had its onset during service (April 1968 to January 1971)?

(b) Is it at least as likely as not (50 percent probability or greater) that hypertension is: 
 (1) proximately due to 
 or 
 (2) permanently aggravated by 
the Veteran's service-connected PTSD, diabetes mellitus type II with erectile dysfunction, and/or his peripheral neuropathy conditions associated with diabetes mellitus type II (sciatic and femoral nerves of the right and left lower extremities; and right and left upper extremities)?

The examiner is advised that the term "as likely as not" does not mean within the realm of possibility. Rather, it means that the weight of the medical evidence both for and against a conclusion is so evenly divided that it is medically sound to find in favor of causation as to find against causation. The examiner is also advised that aggravation is defined for legal purposes as a chronic worsening of the underlying condition versus a temporary flare-up of symptoms. 

A complete rationale for all opinions is required. The examiner should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusions.

If an opinion cannot be expressed without resort to speculation, the examiner should so indicate and discuss why an opinion is not possible to include whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge.

Re-examination of the Veteran is not required unless deemed necessary by the examiner.

2. After ensuring that the requested development is complete and conducting any other development deemed necessary, the AOJ should re-adjudicate the claim. If the claim remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and given an opportunity to respond thereto. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).